IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,631-02, 03 and 04






EX PARTE JAMES DANIEL BOONE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


 CAUSE NOS. 13034 AND 13035 IN THE 253rd JUDICIAL DISTRICT COURT 

CHAMBERS COUNTY



 

 Per Curiam.


 O R D E R



 These are applications for a writ of habeas corpus which were transmitted to this
Court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. In cause number
13034, Applicant was convicted of one count of aggravated assault, and one count of
aggravated assault of a public servant, and punishment was assessed at life imprisonment in
each count. In cause number 13035, the Applicant was convicted of evading arrest, and
punishment was assessed at ten years confinement. Applicant's convictions were affirmed
on appeal. Boone v. State, Nos. 01-04-00870-CR, 01-04-00871-CR, and 01-04-00882-CR
(Tex. App. --Houston [1st Dist.], delivered June 23, 2005, no pet.).

 Applicant contends, inter alia, that prosecutorial misconduct occurred in these causes. 
Specifically, the Applicant contends that the prosecutor, with the assistance of jail officials,
used "force and extreme violence to beat me down" in order to obtain evidence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit from
Mr. Dan Bradley, or it may order a hearing. In the appropriate case the trial court may rely
on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether prosecutorial misconduct occurred in these causes. The trial court shall also
make findings of fact and conclusions of law regarding whether the Applicant has abused the
writ process by filing a frivolous writ under the provisions of Section 498.0045, of the Texas
Government Code. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of these applications
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), these applications for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 13th DAY OF SEPTEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.